## Frierson v. Commonwealth.

(Decided May 18, 1917.)

### Appeal from Fayette Circuit Court.

1. Rape—Nature and Elements of—Age of Consent.—The offense denounced by section 1155, Ky. Statutes, was rape at the common law, except that the age, at which a female can consent to unlawful carnal knowledge, has been raised by the statute from ten to sixteen years.

2. Rape—Penalties.—The penalty prescribed by section 1152, Ky. Statutes, was intended to apply to those rapes, at the common

law, which were accomplished upon infants under twelve years of age by force, violence or putting in fear, and without the consent of the infant, while the punishment prescribed by section 1155, Ky. Statutes, was designed to apply to those rapes, which, at the common law, were accomplished, without actual force, upon idiots or females beneath the age of consent, and with the nominal consent of the idiot or infant.

3. Rape—Carnal Knowledge of Female Idiots.—An unlawful carnal knowledge of a female idiot, or of a female beneath the age of sixteen years, beneath which age she can not, by law, consent to unlawful carnal knowledge, is conclusively, presumed to have been forceable and without the consent of the idiot or lunatic.

4. Criminal Law—Confession.—Section 240, Criminal Code, means, that a conviction can not be had upon a confession, alone, that one has committed a crime, and unless the confession is accompanied by evidence other than the confession, that such crime has been committed.

T. T. GARDNER and W. P. KIMBALL for appellant.

M. M. LOGAN, Attorney General, and CHARLES H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The grand jury, in the Fayette circuit court, returned an indictment against appellant, J. W. Frierson, who claimed to be a preacher. The indictment, without the style of the court and case, is as follows:

"The grand jury of Fayette county in the name and by the authority of the Commonwealth of Kentucky accuse J. W. Frierson of the crime of rape, committed as follows, viz: That said J. W. Frierson, on the 3rd day of January, 1916, in the county aforesaid and before the finding of this indictment, did unlawfully and carnally know Serpora Taylor, who was then and there a female under the age of sixteen years, and not the wife of the said Frierson, against the peace and dignity of the Commonwealth of Kentucky."

The appellant, to this indictment, interposed a general demurrer, which was overruled and to which ruling he excepted.

The trial resulted in a verdict of guilty, and the fixing of the punishment of the accused by the jury at ten years confinement in the state reformatory, and the rendition of a judgment in conformity with the verdict. His motion for a new trial having been overruled, he appealed to this court and seeks a reversal of the judgment, because, as

he insists, the court erred to the prejudice of his substantial rights:

(1)    By overruling the demurrer to the indictment.

(2)    By denying his motion, at the close of the evidence for the Commonwealth, and at the close of all the evidence, to instruct the jury peremptorily to find him not guilty.

(3)    By admitting incompetent evidence over his objection.

(4)    By misinstructing and refusing to properly instruct the jury.

The grounds insisted upon for reversal will be considered in their order.

(a)  · It is insisted that the demurrer to the indictment should have been sustained, because, in the accusative part of the indictment, the appellant is accused of rape, while in the descriptive portion of it, there is described and he is accused of an entirely different offense—that of having carnal knowledge of a female under the age of sixteen years, other than his wife, and that there is an absence of averments of any of the facts, which are necessary to constitute the crime of rape, and that the crime denounced by section 1155, Kentucky Statutes, which is the one described by the specifications of the indictment, does not constitute the crime of rape.

If the crime, charged against appellant, in the accusative part of the indictment, had been that of unlawfully having carnal knowledge of a female under the age of sixteen years, and followed by the description of the offense, as in the indictment, there could be no doubt of the validity of the indictment, but it is insisted, that the crime denounced by the section of the statute, *supra*, is a statutory offense, and for that reason must necessarily be a different offense from the offense of rape, at the common law, and that the indictment is invalid, because it denominates such offense, a rape. At the common law, the crime of rape was committed, when a man unlawfully · and forcibly had sexual intercourse with a woman without her consent, if she was of an age, at which, the common law considered, that she was possessed of a discretion, which enabled her to consent to sexual intercourse; and if she had not attained that age, then carnal knowledge of her was rape, whether with or without her nominal consent, and not being able to consent, the common law considered the act of intercourse with her to have been done forcibly. If a woman, by reason of imbecility

or drunkenness, is unable to give her consent to the intercourse, carnal knowledge of her is rape. If the female is under the age of consent, although in fact she does consent, the law conclusively presumes, that carnal knowledge of her, if unlawful, was forcible and without her consent. The age, at the common law, at which the female might give her consent to unlawful sexual intercourse with her, so as to avoid the crime of rape upon the part of the man having such intercourse with her, was ten years, but the age of consent has been changed and raised by statute in this as well as many other states. Section 1155, *supra,* is as follows:

"Whoever shall unlawfully carnally know a female under the age of sixteen years, or an idiot, shall be confined in the penitentiary not less than ten nor more than twenty years."

When this statute was first enacted, it denounced the penalty prescribed therein upon any one, who unlawfully had sexual intercourse with a female under the age of twelve years, or with a female idiot of any age. The age beneath which, a female was not capable of giving her consent to unlawful sexual intercourse was thus fixed at twelve years. In 1906, this statute was amended and the age of consent was raised from twelve to sixteen years. Section 1152, Kentucky Statutes, provides a punishment for anyone, who commits the crime of rape upon an infant under twelve years of age, at death or at imprisonment in the penitentiary for life. Section 1153, Kentucky Statutes, provides a punishment of imprisonment from five to twenty years upon anyone, who attempts to commit rape upon an infant under twelve years of age. Section 1154, Kentucky Statutes, provides a punishment in the penitentiary for not less than ten nor more than twenty years, or death, in the discretion of the jury, for anyone, who carnally knows a female twelve years of age or above that age, against her will or consent, or by force, or whilst she is insensible. The acts, denounced in the latter statute, are substantially those, which constitute the crime of rape upon a female of the age of consent at the common law. This section of the statutes is followed by section 1155, *supra,* which provides a punishment for one having unlawful carnal knowledge of a female under sixteen years of age or with a female idiot of any age. The acts denounced in section 1155, *supra,* are, those which constitute the crime of rape, at common law, upon a female under the age of consent, except that the statute

has raised the age of consent for the female from ten to sixteen years. It will be observed that each of the sections of the statute quoted, is embraced in the same sub-division of chapter 36, Kentucky Statutes, and the title of the sub-division is rape and abduction, and the sections quoted immediately follow each other in a natural sequence. In the enactment of these statutes, 1152, 1153, 1154 and 1155, *supra*, the legislature was dealing with the crime of rape, and the acts denounced in section 1155, *supra*, are but declaratory of the common law upon that subject, when applied to the act of unlawful carnal knowledge of a female, who is beneath the age of consent or an idiot. Section 1152, *supra*, which imposes a punishment of death or imprisonment for life for the crime of rape upon the body of an infant under the age of twelve years, which was at the time the statute was enacted the age, at which a female could consent to unlawful sexual intercourse, does not undertake to define the crime of rape, but leaves its definition to the common law and was evidently intended to provide a penalty commensurate with the crime for the commission of rape upon infants under twelve years of age, when accomplished by violence, force, threats, putting in fear and without the consent of the infant and against her will, or whilst the infant is insensible; while section 1155, *supra*, was designed for application to those rapes upon idiots and infants, whom the law esteems incapable of consenting to unlawful sexual intercourse, and when accomplished without actual force, violence or threats, and with the nominal consent or acquiescence of the idiot or infant. It was held in Fenston v. Com., 82 Ky. 549, that one indicted for a violation of section 1152, *supra*, might be found guilty of having carnal knowledge of infants, as provided in section 1155, *supra*, as the latter crime is included in the crime denounced by section 1152, *supra*, and is a degree of the offense denounced in section 1152. This opinion further held, that unlawful carnal knowledge of a female under twelve years of age was rape within the meaning of the statute then in force, and the present statute is the same as the one then in force, except, that the age, at which, a female is enabled to consent to unlawful carnal knowledge has been raised by the amendment of 1906 from twelve years to sixteen years. The conclusion arrived at in Fenston v. Com., *supra*, has since been approved in White v. Com., 96 Ky. 191; Payne v. Com., 33 R. 230; Young v. Com., 16 R. 493; Eades v. Com., 162 Ky. 89; and in Head

v. Com., 174 Ky. 84. The indictment, in the instant case, charges that character of rape which at the common law was accomplished by the nominal consent of the female and without violence or actual force by the perpetrator, and which, from the facts, the law conclusively presumes force on the part of the ravisher and absence of consent of the victim. Hence, it would be idle in such an indictment to charge that the offense was committed forcibly and without the consent of the infant, as both averments would be only surplusage. The indictment contains a statement of all the facts necessary to constitute the crime and the demurrer was therefore properly overruled.

(b) The appellant insists that his motion for a directed verdict should have been sustained for three reasons:

(1) The proof failed to show that any rape had been committed.

(2) The crime was not proven to have been committed within the jurisdiction of the Fayette circuit court.

(3) The evidence was insufficient, under section 240, of the Criminal Code, to sustain the indictment or to put the appellant upon his defense.

(1. b) The first reason relates to the contention that the indictment did not contain averments of the facts, which constituted a crime, and that the evidence did not contain any proof of the facts, which are necessary to constitute the crime of rape. The evidence conduced to support the allegations of the indictment, which, as above stated, constitute the crime of rape, when committed in the manner alleged in the indictment.

(2. b) The second reason, urged for the propriety of giving a peremptory instruction to the jury to find appellant not guilty, is, that the evidence fails to prove that the crime was committed in Fayette county, so as to give the Fayette circuit court jurisdiction of the offense. It is surplusage to say that the indictment must aver that the crime was committed in Fayette county, and that the proof must support such allegation before a conviction could be allowed to stand. True, no one directly testifies that the crime was committed in Fayette county, but all of the evidence is to the effect, that both appellant and his victim, upon whom it is alleged that he committed the crime, resided in Fayette county, at the time and long before and after the crime was committed, and there is no evidence, which shows that they were ever together at any place, except in that county, and hence, if the crime

was committed at all, it must necessarily have been in Fayette county. The evidence is sufficient to permit the jury to infer from it that the offense was committed in Fayette county and sufficient to support the allegation in the indictment, which fixes the venue of the crime.

(3. b)   The third reason urged for sustaining the motion for a directed verdict, is, that the evidence is insufficient, according to section 240, of the Criminal Code, to sustain a conviction. The section, *supra*, is as follows:

"A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed."

The above section has been construed to mean that a confession will not warrant a conviction unless the confession is accompanied by proof, other than the confession, that the offense confessed has been committed—that is, that the *corpus delicti* of the crime must be proven by evidence, other than the confession. Higgins v. Com., 142 Ky. 651; Wigginton v. Com., 92 Ky. 289; Dugan v. Com., 102 Ky. 252; Gilbert v. Com., 111 Ky. 798; Patterson v. Com. 86 Ky. 313; Polson v. Com., 32 R. 1398; Frazier v. Com., 124 S. W. 797; Green v. Com., 26 R. 1221. If one should confess to having committed the crime of murder, the confession would not be sufficient to uphold a conviction against him, unless it should be proven by other evidence, than the confession, that a man had been slain. The *corpus delicti*, in the instant case, is proven, when it is shown that sexual intercourse had been had with the female, who was under the age of sixteen years at the time, and by one, who was not her husband. The evidence is conclusive upon that subject. Serpora Taylor was proven to have been under the age of sixteen years and an unmarried person. She was discovered to be pregnant with child in November or early December. In the following August she gave birth to a child and died in child birth. The body of the crime or *corpus delicti* was thus conclusively proven. She died in child birth and hence was not before the jury to testify. It was proven that the appellant, when confronted with the charge of having been sexually intimate with the girl, when her pregnancy was first discovered, confessed that he was guilty. He then furnished, as he states, seventy dollars, and as the witness for the Commonwealth deposed, forty dollars, to provide transportation for the girl and her mother to a distant state, in order to avoid a prosecution against him for the crime, and then he

became absent from his accustomed haunts and did not return to Fayette county until arrested and brought back by a minion of the law. There was evidence, which tended to prove that for some months just preceding the pregnancy of the girl, that she cleaned appellant's room for him and that he frequently took her for rides in his automobile. The appellant denies that she ever went for a ride in his automobile or that she ever cleaned his room, but these were matters for the determination of the jury. Hence, the evidence was sufficient to take the case to the jury and to sustain the verdict, if the jury was of the opinion that the evidence against appellant was true, and it seems to have so concluded.

(c.) It is complained that a sheet of paper containing the names and dates of the births of the children of Serpora Taylor's parents and said to have been written by her father and pinned to a leaf in the family Bible, by him, was admitted as evidence, upon the subject of her age, but the record shows that this paper was admitted without objection upon the part of appellant, and he cannot now complain of its admission. Besides, it was proven by her mother and uncle, that she was only fourteen years of age at the time of the commission of the crime upon her, and they give the exact date of her birth in their testimony.

(c. I.) The appellant, also, complains that during the trial, that the child of Serpora Taylor was permitted to be brought into the court room and exhibited to the jury as evidence of its paternity by appellant, and hence of his guilt of having been carnally intimate with her, and that the attorney for the Commonwealth made an argument to the jury based upon the supposed resemblance of the child to appellant, and by which it was contended that his guilt was shown. It is insisted that this was an error prejudicial to the rights of appellant. Whether a view of a child alleged to be the fruits of the intimacy of the defendant with the victim of an unlawful carnal knowledge is competent evidence against or in behalf of one charged with such carnal knowledge, as constituting evidence of his guilt of such crime, or want of guilt, has never been determined by this court. It seems, that when one of a certain race should be charged with the paternity of a child, that a view of the child would be competent evidence, either for or against the defendant, as showing or not showing the racial char-

acteristics, which would necessarily follow the child of such a father, but where both the mother and the one charged with being its father are of the same race, in a number of jurisdictions, it has been held, that a profert of the child is competent evidence to be considered by the jury, either for or against the one accused of being its father, in bastardy proceedings, but in an equal number of jurisdictions it is held that such profert is not competent evidence, as any supposed resemblance or want of resemblance of an immature child to the defendant, on the trial, could be merely, in most instances, fanciful. The necessity of determining the question, however, does not arise in this case, for it is uniformly held, that whether a profert may be made of a child or not, or whether testimony may be had or may not be had of the resemblance or non-resemblance of the child to the accused, the mere presence of the child, in the court room, is not prejudicial error, when no profert of the child is made or offered to the jury, and reference to it or its presence is not made by counsel to the jury. 3 R. C. L. 765-766. In the instant case, the record shows that the attorney for the Commonwealth asked that the child be brought into the court and the court sustained the motion, over the objection of the appellant, but the record fails to show that it was ever actually brought into court or was ever shown to the jury or that counsel ever in any way called the attention of the jury to it or its presence.

(d.) When testifying, as a witness for the Commonwealth, when it was offering its evidence, in chief, the mother of Serpora Taylor testified that appellant, two or three times a week, would take Serpora out for a ride in his automobile. The appellant, when testifying, denied this and stated that he never took her in his automobile at any time. In rebuttal, the attorney for the Commonwealth was permitted to introduce two or three witnesses, who testified to having seen appellant and the girl, together, riding in an automobile, and appellant complains that this was prejudicial to him. Sections 221 and 223, of the Criminal Code, provide that the Commonwealth shall first offer its evidence in support of the indictment and then the defendant may offer evidence in support of his defense. Section 224, Criminal Code, then provides: "The parties may then respectively offer rebutting evidence, only, unless the court for

good reason, in furtherance of justice, permits them to offer evidence upon their original cause."

The evidence given by these rebuttal witnesses seems to have been evidence which might have been introduced in chief, as they testified to associations between the appellant and the girl, but the admission of this evidence, in rebuttal, was a matter within the sound discretion of the trial court and when original evidence is permitted in a criminal trial, in rebuttal, it is not a reversible error, if its admission is not prejudicial to the defendant. Tetterton v. Commonwealth, 28 R. 146. It is impossible to see how the admission of the evidence complained of, if in fact that evidence should have been offered in chief, was in anywise prejudicial to appellant, or affected the fairness of his trial.

(e.)  The statute, which was in force at the time the offense was committed, required the jury by its verdict when fixing the punishment of a felony, by imprisonment, where the imprisonment might consist of more than one fixed period, to fix a minimum and maximum number of years of imprisonment for the accused, but within the time prescribed by law. The court did not so instruct the jury, but instructed it to the effect, that if it found the appellant guilty to fix his punishment at a term of imprisonment of not less than ten nor more than twenty years, as is now provided by the statute. This is complained of as reversible error. Ten years has been the minimum and twenty years the maximum punishment for the crime of which appellant was found guilty, ever since the enactment of section 1155, *supra*. The jury imposed the minimum punishment provided for the crime and the failure of the court to instruct the jury in accordance with the law in effect, at the time the crime was committed, that is, to fix a minimum and a maximum term of imprisonment, between the minimum and maximum periods allowed by law, was an error, but it could not have been prejudicial to appellant, as the jury fixed upon him the very least punishment allowed by law.

(f.)  The appellant complains, also, of the failure of the court to define by an instruction the meaning of the terms "beyond a reasonable doubt," as used in the instructions. The instruction, which the court gave upon the subject of reasonable doubt of the appellant's guilt is in substantial compliance with section 238 of

the Criminal Code. This court has often held, that in giving an instruction as to reasonable doubt, that it is the better practice to follow the language substantially of the Criminal Code. Mearns v. Commonwealth, 164 Ky. 213; Renaker v. Commonwealth, 172 Ky. 726; Mickey v. Commonwealth, 9 Bush 593; Ward v. Commonwealth, 14 Bush 233; Brady v. Commonwealth, 11 Bush 282; Weatherford v. Commonwealth, 7 R. 827; Ireland v. Commonwealth, 22 R. 478; Tetterton v. Commonwealth, 28 R. 146. The term "reasonable doubt" is fairly well understood, generally, by those who compose the juries, and for a court to undertake a definition of the term, as used in the instructions, in the trial, of one accused of a crime, would necessitate the writing of a small volume, and would doubtless be more calculated to confuse and mislead a jury than to enlighten it.

The judgment is, therefore, affirmed.