Bennie BLACKBURN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 29, 1961.

J. B. Clarke, Prestonsburg, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

Bennie Blackburn appeals a judgment of conviction of malicious shooting and wounding James Slone and a sentence of two years' imprisonment.

The shooting occurred at the defendant's home and seems to have followed a quarrel of the two men, who were friends. Both were intoxicated wholly or partly.

The appellant incredulously argues that the indictment should have been quashed because returned on an affidavit and not upon testimony. The only basis for this argument is the appellant's statement in the course of his testimony that Slone never indicted him but the Commonwealth's Attorney had done so by an affidavit which he had taken in Huntington, West Virginia.

The indictment contains names of several witnesses before the grand jury. Cr.Code Prac. § 120.

This unsubstantial claim was not even made in the defendant's motion for a new trial. It is wholly without merit.

■ Slone testified that as he was trying to leave Blackburn's house, Blackburn shot him in the back of his neck, shoulder and hand. Blackburn testified that he had shot Slone in self-defense and did not shoot him in the back but while he was approaching him with a shotgun. In rebuttal examination Slone exhibited scars on his neck and shoulder "about two inches toward the back" and testified that the bullet was still in his body. The appellant's objection to the exhibition of the scars was overruled. He contends that displaying them prejudicially inflamed the minds of the jury against him, and, further, that he had no opportunity to show that the witness had the scars before the shooting with which he was charged.

The case relied upon by the appellant, Cupp v. Commonwealth, 87 Ky. 35, 7 S.W. 405, is not in point. The error in that case was that at the beginning of his argument the prosecuting attorney had the prosecuting witness stand before the jury and show a scar on his face. In the present case the exhibition of the scar left by the wound was competent and admissible. Davidson v. Commonwealth, 261 Ky. 158, 87 S.W.2d 119. While the demonstrative evidence would have been competent on direct examination, admitting it in rebuttal of the defendant's testimony that he had shot the witness at the front of his body was legitimate and proper. Frierson v. Commonwealth, 175 Ky. 684, 194 S.W. 914; Ball v. Commonwealth, 201 Ky. 203, 256 S.W. 23; Curnutt v. Commonwealth, 311 Ky. 359, 224 S.W.2d 170.

■ In response to the second contention that the appellant had no opportunity to show that the prosecuting witness had the scars on his body before this shooting occurred, it may be said the defendant had announced ready for trial and did not ask the court for an opportunity to present such evidence. He did not make an avowal of it or even cross-examine the witness as to the scars.

■ Instructions on self-defense and on defense of home and family in the usual forms were given. It is strange that the appellant should now say that the giving of the latter instruction was prejudicially erroneous on the idea that giving the two instructions confused the jury and "eliminated his right to act in protection of himself in his apparent danger." The cases cited are not in point as they relate to the forms of the self-defense instructions. The appellant makes no contentions of error in that respect. The curious argument that the defendant was prejudiced by the submission of two defenses instead of one is obviously without merit.

The judgment is affirmed.