CASE 98—INDICTMENT—DECEMBER 12, 1882.

# Bethel v. The Commonwealth.

### APPEAL FROM BARREN CIRCUIT COURT.

1. Appellant being charged with rape, was, upon his motion, entitled to have the jury instructed as to the whole law applicable to that offense, and any of its degrees as defined by *sections* 262 *and* 263 of the Criminal Code.

2. It was error to appellant's prejudice not to instruct the jury as asked, so that they could consider the whole case, and declare appellant's guilt, if any, of that degree of the offense of which they entertained no reasonable doubt.

PORTER & RITTER FOR APPELLANT.

1. In refusing the instruction asked for by the appellant, the court took from the jury the consideration of the evidence that appellant, if guilty of anything, was guilty of only an attempt to commit a rape.

2. He was entitled to have the jury instructed as to the degrees of the offense.  (7 Bush, 93; 14 *Ib.*, 570.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

No brief.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried, and convicted of the offense of rape, and sentenced to the penitentiary for the period of twenty years.

The prosecutrix admitted on cross-examination that when she first complained of the alleged outrage by the defendant upon her person, she said he attempted to rape her, but failed; that she told him two white men were coming, and he fled before his purpose was accomplished.

Her explanation of this statement, which she was proven to have made by several witnesses, was that she thought the men to whom she complained had no right to know whether the appellant had succeeded, and she was ashamed to tell them.

The appellant is a negro boy seventeen years old, and the prosecutrix thirty-three years old, and tolerably healthy.

Under this state of facts, the counsel appointed to defend the appellant asked the court to instruct the jury in substance that if they entertained a reasonable doubt of the appellant being proven guilty of rape, they should find him guilty of an assault with intent to commit that offense, and fix his punishment by any fine and imprisonment in the county jail in their discretion.

This instruction was refused, and the jury instructed alone as to the offense of rape, and the reasonable doubt relative to his guilt of that offense.

Of this the appellant complains. Section 263 of the Criminal Code provides that "the offenses named in each of the subdivisions of this section shall be deemed degrees of the same offense, in the meaning of the last section." And the sixth subdivision of section 263 is in this language: "An offense, and the attempt to commit the offense, if the attempt be punishable."

Section 262 provides that "upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment."

From these sections, it is clear that if the attempt to commit a rape be punishable, it is a degree of the offense of rape.

While there is no statute providing punishment for an attempt to commit a rape, at common law, an attempt by assault to commit a rape is punishable by any fine or imprisonment in the common jail, within the discretion of the jury.

And as the appellant could, according to the provisions of section 262 of the Criminal Code, have been found guilty of any degree or offense included in the offense charged against him, he was entitled to have the jury instructed in the whole law applicable to the offense of rape, and any of its degrees, as defined by the quoted sections of the Criminal Code.

It was error, therefore, to the defendant's prejudice not to instruct the jury as asked, so they could consider the whole case, and declare the appellant's guilt of that degree of this offense, of which they entertained no reasonable doubt.

Wherefore, the judgment is reversed, and cause remanded, with directions to grant appellant a new trial.