Fenston v. The Commonwealth.

82 549
96 191
96 575

82 549
128 822

CASE 87—INDICTMENT—JUNE, 1885.

## Fenston v. The Commonwealth.

APPEAL FROM NELSON CIRCUIT COURT.

1. Appellant was indicted for rape.
2. The offense of which he was found guilty is included in the higher crime, and, therefore, the court properly instructed the jury.
3. It does not appear what the omitted portion of the letter contained, or that appellant requested it to be read. There can be no reversal on that ground.

. J. C. WICKLIFFE FOR APPELLANT.

1. The court erred in permitting appellee to read a part of a letter written by appellant. He was entitled to have all of it read.

2. The instruction is error. Rape is the crime charged. The proof did not sustain it, and, failing to make out the case, the court should have directed the jury to find for defendant. (Crim. Code, section 126; *Ib.*, 263; section 3, article 4, chapter 29, General Statutes.) .

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

The offense of which appellant was convicted is included in the offense with which he is charged. (Crim. Code, section 264.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant was indicted for the offense of rape upon a female under the age of twelve years, described in section 3, article 4, chapter 29, General Statutes, and convicted of the offense of carnally knowing her, as described in section 6.

During the trial a letter written by him was read in evidence, tending to show that he had carnal knowledge of her by her consent. And one ground relied on for reversal is that only part of the letter was read to the jury. But as it does not appear what the omitted portion contained, nor that appellant required it to be read, as he might have done, he is not entitled to a reversal on that ground.

At the conclusion of the evidence, the court gave the following instruction, which evidently controlled the jury in their verdict :

"If the jury believe from the evidence, beyond a reasonable doubt, that the defendant, Frank Fenston, * * carnally knew Suvena South, a female, and at the time of said carnal knowledge she was under the age of twelve years, they will find the defendant guilty and fix his punishment at confinement in the penitentiary at not less than ten nor more than twenty years."

It is contended for appellant that the court erred in giving that instruction, because he can not be legally

convicted of the offense therein mentioned, under the indictment found against him.

To determine this question, it is necessary to refer to the General Statutes, and also the Criminal Code.

The following sections of article 4, chapter 29, General Statutes, are applicable:

"§ 3. Whoever shall be guilty of the crime of rape upon the body of an infant under twelve years of age shall be punished with death, or with confinement in the penitentiary for life, in the discretion of the jury.

"§ 4. Whoever shall attempt to commit a rape upon the body of an infant under twelve years of age shall be confined in the penitentiary not less than five nor more than twenty years.

"§ 5. Whoever shall unlawfully carnally know a female of and above twelve years of age, against her will or consent, or by force, or while she is insensible, shall be guilty of rape, and punished by confinement in the penitentiary not less than ten nor more than twenty years, or by death, in the discretion of the jury.

"§ 6. Whoever shall carnally know a female under twelve years of age, or an idiot, shall be confined in the penitentiary not less than ten nor more than twenty years."

It will be perceived that the only offense mentioned in the sections quoted which can be committed against a female of and above the age of twelve years is rape, as defined in section 5.

But there are three distinct offenses mentioned, each made a felony, which can be committed against one under that age:

*First.* Rape at common law, described in section 3, for which appellant was indicted.

*Second.* An attempt to commit rape, denounced in section 4.

*Third.* Carnal knowledge, described in section 6, being the offense of which he was found guilty, and which may be committed as well against an idiot female as one under the age of twelve years.

There is another difference in the provisions of article 4, as applied to the two classes. While the statutory offense of rape, described in section 5, may be committed against a female of and above twelve years of age without actual force, it can not be done by her will or consent. But the offense of carnal knowledge of a female under the age of twelve years, or an idiot, is made a felony, whether had with or without her consent.

The reason for the difference is obvious. A female under that age is presumed to be, as an idiot in fact is, without capacity and discretion to comprehend fully the consequences of yielding to the ravisher, or strength of will to resist his influence and importunities. Hence carnal knowledge of her, even with her nominal consent, is, in legal contemplation, forcible and against her will. And though it is not deemed of as heinous nature, nor punished with the same severity as when in fact forcible and against her consent, is, nevertheless, in the meaning of the statute, rape and punished as such. That such was the intention of the Legislature is shown by the title to article 4, which treats of the three distinct subjects of manslaughter, rape and abduction, the offense mentioned in section 6, being manifestly regarded as rape, or equivalent to rape.

The next inquiry is whether, under the Criminal Code, the offense of which appellant was found guilty is a degree of or included by the one for which he was indicted.

Section 262 is as follows:

" Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment." And in section 263 it is provided that offenses named in each of the subdivisions thereof shall be deemed degrees of the same offense in the meaning of section 262. The offense of rape, however, is not named in any of the subdivisions of that section as consisting of degrees.

But a distinction is manifestly intended to be made, though somewhat difficult, between an offense consisting of degrees, and an offense which may include another. For it is expressly provided in section 262 not merely that a defendant may be convicted of any degree of offense not higher than that charged in the indictment, but may be found guilty of any offense included in that so charged. And section 264 seems intended to apply to the latter class of offenses, being as follows:

" If an offense be charged in an indictment to have been committed, with particular circumstances as to time, place, person, property, value, motive or intention, the offense without the circumstances, or with part only, is included in the offense, although that charged may be a felony and the offense without the circumstances a misdemeanor only."

In this case the particular circumstances as to time, place, persons, motive and intention, necessary to constitute the offense for which appellant was indicted, comprehend and include the less offense of which he was found guilty. The difference between the two offenses being that in order to convict him of the greater it was necessary to charge and prove that he had carnal knowledge of the female mentioned, forcibly and against her will and consent; whereas, the less offense was made out by proof of carnal knowledge of her, though had by her consent.

We are, therefore, of the opinion that in the meaning of the Criminal Code, the offense of which appellant was convicted is included by that charged in the indictment, and that the court did not err in giving the instruction in question.

The judgment is affirmed.