CASE 95—INDICTMENT—FEBRUARY 8.

# Young v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

UNDER AN INDICTMENT FOR RAPE UPON THE BODY OF AN INFANT UNDER TWELVE YEARS OF AGE, the testimony being such that the jury might, without doing violence to it, have inferred the existence of nominal consent at least upon the part of the victim, the defendant was entitled to an instruction as to the offense of carnally knowing a female under the age of twelve years, for the punishment of which section 1155 of the Kentucky Statutes provides.

WALTER DARBY FOR APPELLANT.

Defendant should have had the benefit of an instruction on the law of carnal knowledge of a female under twelve years of age. (Kentucky

Statutes, sec. 1155; Fenston v. Commonwealth, 82 Ky., 549; Bethel v. Commonwealth, 80 Ky., 526.)

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

The opinion of Hon. W. L. Jackson on motion for a new trial is referred to as a full and clear vindication of the verdict and judgment in this case.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant was convicted of the crime of rape, committed on the body of an infant under twelve years of age, and his punishment fixed at death. He was living in the family of his victim's parents on Green street, in Louisville, and in their absence from home committed the crime; which, however, was kept a secret by the little girl until her mother discovered her injured parts several days thereafter.

She then told who injured her, only after being threatened with punishment, and we may infer she had made no disclosure before that, because of the threat of the appellant after the crime had been committed that he would kill her if she told anything.

There was no outcry at the time, and the accused continued to live in the family. The complaint of counsel appointed by the court to defend the accused is, that the court failed to submit the whole law of the case to the jury.

After giving proper instructions on the subject of rape and attempted rape, it is contended that the law embraced in section 1155, Kentucky Statutes, should have been given. This reads as follows:

"Whoever shall carnally know a female under the age of twelve years, or an idiot, shall be confined in the penitentiary not less than ten nor more than twenty years."

It is urged that, as this court in Bethel v. Commonwealth, 80 Ky., 526, held a defendant charged with rape to be entitled to have the jury instructed as to the whole law applicable to that offense and any of its degrees, and as, in Fenston v. Commonwealth, 82 Ky., 549, the offense described in the section quoted was held to be included in the higher crime of rape, therefore the jury should have been instructed in accordance with the law of that section.

It is difficult to escape this reasoning, however much the nature of the crime might repel a dispassionate consideration of the claims of the offender. It does not, of course, follow that this law is applicable in all cases of rape. The facts of a given case may be so fully shown by testimony as to preclude its application; just as in some homicides, the murder may be so completely established as to render it needless to instruct on the law of voluntary manslaughter.

In the case at hand, however, the jury, from the testimony, or at least without doing violence to it, might have inferred the existence of nominal consent at least, on the part of the victim, and while the carnal knowledge *with* such consent is still a felony, it is not punishable with death.

Moreover, to commit a rape upon an adult female is punishable with confinement in the penitentiary for not less than ten nor more than twenty years, *or* by death, in the discretion of the jury. And so we may suppose the law-makers intended a like discretion to be vested in juries in dealing with offenses such as we are considering.

Under the proof in this case there was no mere at-

tempt at rape. The crime, by whomsoever committed, was complete, and so the instruction on that subject, while not improperly given, did not afford the jury the exercise of any discretion, or the opportunity to fix the punishment at less than confinement for life or death. The verdict was necessarily the one or the other, under the law as given by the court.

Under the express terms of the section relied on, and the decisions of this court in the cases referred to, we are of opinion that the appellant is entitled to the benefit of the instruction indicated.

Judgment reversed, with directions to grant the accused a new trial and for proceedings consistent herewith.