## Eads v. Commonwealth.

(Decided January 12, 1915.)

### Appeal from Russell Circuit Court.

Criminal Law—Rape—Carnal Knowledge of Female Under 16 Years of Age.—Appellant was indicted for rape and found guilty

of carnally knowing a female under 16 years of age. The offense of which he was found guilty is included in the higher crime, and, therefore, the court properly instructed the jury.

J. N. MEADOWS and LILBURN PHELPS for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In October, 1913, the appellant was indicted and charged with the offense of forcibly ravishing and having carnal knowledge of a certain female on the —— day of January, 1913, against her will and consent. For a decision of this case it is unnecessary to name the prosecuting witness, or to relate or discuss the incriminating facts disclosed in the evidence.

The appellant was convicted and sentenced to the penitentiary for a term of 10 to 20 years. Judgment was pronounced under the Indeterminate Sentence Law then in force, and found in the Acts of 1910. Uncontradicted testimony shows that appellant did have intercourse with the prosecutrix by force and against her will. And it is also shown, without contradiction, that she was, at the time, an infant under sixteen years of age. The appellant did not testify. For defense his main reliance was a plea of insanity. This defense was submitted to the jury under appropriate instructions. By one instruction the court told the jury that if they believed beyond a reasonable doubt he had sexual intercourse with the prosecutrix, against her will or consent, or by force, they would find him guilty of rape and fix his punishment at confinement in the penitentiary for not less than 10 years nor no more than 20 years, or at death, in their discretion.

By another instruction they were told if they believed from the evidence, beyond a reasonable doubt, that he had sexual intercourse with the prosecutrix, who was then under 16 years of age, without force, or if she was willing to or consented to the intercourse, then they would find him guilty of carnally knowing a female under the age of 16 years, and fix no penalty. By another instruction they were told that if they found him guilty, but had a reasonable doubt as to whether his crime was rape or carnally knowing a female under the age of 16, they would find him guilty of the latter, that being the lesser offense.

The jury found him guilty of carnally knowing a female under the age of 16 years. The court imposed the statutory penalty, as directed in the indeterminate sentence law.

The first error complained of is in giving the instruction on carnally knowing a female under 16 years of age. The argument is that he was indicted for ravishing the female with force, and against her will and consent, and as all the evidence concerning the act showed that the offense was committed with force, then no instruction as to a lesser degree should have been given.

But, as above stated, the evidence also shows that the female was under sixteen.

In Fenston v. Commonwealth, 82 Ky., 549, and Nider v. Commonwealth, 140 Ky., 684, this court held that having carnal knowledge of a female under sixteen is a lesser degree of the offense of rape, and the lesser offense, for which the appellant was convicted, being included in that charged in the indictment, the court did not err in giving the instruction in question.

Appellant says that the court erred in directing the jury to fix no penalty in the event they found him guilty of the lesser offense. In other words, it is argued, that, as they were told to fix the penalty in the case of rape, the same direction should have been given as to the penalty for the lesser offense.

The instructions, however, in this regard conform to the provisions of the 1910 Indeterminate Sentence law. Under that act, if one is found guilty of a felony, punishable by death, the jury shall fix the punishment. Hence, the instruction on rape named the penalty and told the jury to impose it if they found defendant guilty. In other felonies, where the punishment is less than death or life sentence in the penitentiary, as in the case of a lesser degree of rape, the jury is directed only to ascertain whether or not the person is guilty, and the degree of the offense. In the event of a finding of guilt, the court pronounces the sentence within the limits of the statute, and there is, therefore, no reason why the instruction should name the penalty.

Since the instructions are in harmony with the law in force at the time, the appellant's complaint is not well taken.

Appellant next insists that the verdict is not sustained by the evidence. Only two witnesses testify con-

cerning the acts constituting the offense. They are the prosecutrix and her sister. At the time of the trial the prosecutrix was 16 years of age and the sister about 12. No attempt was made to impeach the character of either, but their testimony was attacked rather vigorously on cross-examination. Their credibility and the weight of their evidence were matters for the jury. In our opinion, their testimony would uphold a conviction for rape, but as the verdict found him guilty of the lesser offense, that is, of having carnal knowledge of a female under 16 years of age, and as there is no room for doubt on the question of intercourse, or the matter of her age, we are unable to see any merit in this contention.

Upon the question of appellant's sanity, or mental responsibility for the crime, there is a sharp conflict in the evidence. Many witnesses are introduced who testify pro and con. This is likewise a question for the jury. It was submitted to them under proper instructions, and there being ample evidence to sustain the verdict, we cannot disturb it.

The judgment is, therefore, affirmed.