## Commonwealth v. Pennington.

(Decided October 5, 1920.)

### Appeal from Carter Circuit Court.

1. Criminal Law—Absence of Bill of Exceptions.—In the absence of a bill of exceptions the court ,will presume there ·was sufficient evidence upon which to base the instructions given, and that the evidence did not warrant the giving of those which were refused.

2. Rape—Detaining Woman—Instructions.—One ·indicted under section 1158, Kentucky Statutes, for the crime of detaining a woman against her will can not be convicted of that charge if the detention be with her consent, even though she be under the age of .sixteen years; and the trial court should not instruct the jury to convict the defendant if it should believe from the evidence beyond a reasonable doubt that the prosecuting witness was under sixteen years of age and the defendant detained her for the purpose of having sexual intercourse with her.

CHARLES I. DAWSON and JOHN M. WAUGH for appellant.

THEOBALD & THEOBALD for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Pennington was indicted in January, 1919, in Carter circuit court for the crime of detaining Laura Hilton against her will for the purpose of having carnal knowledge of her himself in the year 1916. In May, 1919, he was put upon trial but the jury failed to agree upon a verdict and was discharged. He was again put upon trial in July, 1920, and the jury again disagreed and no verdict was returned. Upon each of the trials the court gave to the jury the usual instructions in prosecutions under section 1155, Kentucky Statutes, but on the last trial the attorney for the Commonwealth asked that the court further instruct the jury as follows:

"The court further instructs the jury that a female under the age of sixteen years is incapable of consent to unlawful sexual intercourse or to being detained for that purpose, and if the jury believe from the evidence in this case beyond a reasonable doubt that at the time of the offense charged in the indictment, the prosecuting witness, Lora Hylton, was under sixteen years of age, and if they shall further believe from the evidence beyond a reasonable doubt that defendant did unlawfully and feloniously detain her for the purpose of having carnal sexual intercourse with her himself she being under that age they will find him guilty and fix his punishment as defined in instruction No. 1."

This was refused, to which the Commonwealth excepted and prayed an appeal to this court asking a certification of the law.

There is no bill of exceptions and under sections 341 and 282 Criminal Code, this court will not consider alleged errors in instructions of the court to the jury unless the bill of exceptions contains "all the instructions given by the court to the jury, and unless it shall thereupon appear that the law applicable to the case was not correctly and fairly given to the jury . . . the exceptions shall be shown upon the record, by a bill of exceptions, prepared, settled and signed, as provided in the Code of Practice in civil cases."

However, the offered instruction was made a part of the orders of the court and were duly certified by the clerk.

In Judge Miller's most excellent work on Kentucky Appellate Practice and Forms, pages 105 and 106, it is said:

"In absence of a bill of exceptions containing all the evidence, the court will presume there was sufficient evidence upon which to base the instructions given, and that the evidence did not warrant the giving of those which were refused. But this rule does not apply when an instruction given for appellee could not have been authorized by any evidence that could have been introduced, or where the pleadings or the writing sued on show that error was committed to appellant's prejudice.

"In the absence of a bill of exceptions the general rule is stated to be that nothing can be considered on appeal except the sufficiency of the pleadings to support the verdict or judgment."

The bill of evidence is not presented by way of bill of exceptions, although the bill of evidence is before us.

Disregarding these preliminary errors we will consider very briefly the question presented by the Commonwealth. The defendant Pennington was not indicted under section 1155, Kentucky Statutes, as would appear from a reading of the offered instruction, which reads:

"Whoever shall unlawfully carnally know a female under the age of sixteen years or an idiot, shall be confined in the penitentiary not less than ten nor more than twenty years."

It will be observed that under the section just quoted the guilt of the defendant is not made to depend in any degree upon the want of consent to the sexual intercourse by a female under sixteen years of age, but a defendant may be convicted under that statute if he have carnal knowledge of a female under the age of sixteen years to whom he is not married, even though she willingly consents to the act. That statute, however, is not the one under which defendant Pennington was indicted, but he was indicted under section 1158 which reads as follows:

"Whoever shall unlawfully take or detain any woman against her will with intent to marry such woman, or have her married to another, or with intent to have carnal knowledge of her himself or with another shall have such knowledge shall be confined in the penitentiary not less than two nor more than seven years."

Obviously there is no provision in the section just quoted for the conviction of a defendant charged with taking or detaining a woman either over or under the age of sixteen years for the purpose of having carnal knowledge of her with her consent. This is a statutory crime and very different from that denounced by section 1155 quoted above, for by that statute whoever unlawfully carnally knows a female under the age of sixteen—that is accomplishes intercourse—is declared to be guilty, while by section 1158, Kentucky Statutes, one who takes or detains a woman *against her will* of any age with intent to have carnal knowledge of her himself, is guilty but he is not guilty under this statute if he takes and detains her *with her consent* even if she be under the age of sixteen years. This statute is not intended to cover cases of rape or having carnal knowledge of a girl under the age of sixteen, but only cases of attempt to rape or detaining a woman against her will for the purpose of having sexual intercourse with her. It is not now and never was our common law that one who takes or detains a woman for the purpose of having sexual intercourse with her, she consenting thereto, is guilty of a public of-

fense if he did not accomplish his purpose, and no statute has even been enacted by our legislature with such broad and general terms. Head v. Commonwealth, 174 Ky. 841.

It, therefore, follows that the trial court properly refused to give the instruction offered by the attorney for the Commonwealth, and this is certified as the law of the case.