## Hale v. Commonwealth.

(Decided October 13, 1922.)

## Appeal from Caldwell Circuit Court.

1. Criminal Law—Mental Capacity—Competency of Witness.—Objection to the competency of a witness, because of want of mental capacity to testify, if made, when the witness is offered should be determined by the court, by an examination of the witness and such other evidence as is offered, and if admitted to testify, the credibility of the witness becomes a question for the jury.

2. Criminal Law—Competency of Witness—Waiver.—A party may waive his objections to the competency of a witness, because of want of mental capacity, and if he does so, the jury is the judge of the credibility of the witness.

3. Criminal Law—Competency of Witness.—When objection is made to the competency of a witness, because of want of mental capacity, if the court finds that he appreciates the obligations of an oath, and has capacity to give a fairly correct account of the things relating to the issue in the case, the witness should be admitted to testify, and the truth of his testimony is a question for the jury.

4. Rape—Carnal Knowledge—Commission of Crime.—Unlawful carnal knowledge of a female under the age of sixteen years, is a degree of the crime of rape, and as such, it can not be committed, unless there has been some degree of penetration, though slight.

5. Rape—Instructions.—Where all the evidence upon one side tends to prove the accomplishment of every essential of the crime of unlawful carnal knowledge of a female, under the age of sixteen years, and there is no evidence of a mere attempt, and the evidence upon the other side tends to prove that the crime was neither accomplished nor attempted, there should be no instruction upon the subject of the attempt to commit the crime.

HODGES & JAMES for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—
Affirming.

Lawrence Hale was convicted of the crime of unlawfully carnally knowing a female, under the age of sixteen years, denounced by section 1155, Kentucky Statutes, and sentenced to serve a term of ten years, in the penitentiary, as a penalty for the crime. He has appealed from the judgment, and seeks a reversal on account of several alleged errors of the trial court, which will be

considered in their order. The crime was alleged to have been committed in June, 1921.

(a) It is insisted, first, that the guilt of appellant of the crime depended upon the truth of the testimony of the female, which although slightly corroborated, without it there would be no evidence upon which to submit the case to the jury, and that she was so feeble-minded as to be incapacitated from giving testimony, and for that reason she should not have been permitted to testify, and that his substantial rights were prejudiced, by the error of the court, in permitting her to testify. There is no warrant for this contention in the record, except the testimony of the father of the female, who deposed that the girl was "weak-minded, and did not know right from wrong, and would do what any person told her, one person as quick as another." This statement of the father was made after the girl had testified. No objection was made to the competency of the girl, as a witness, when she was offered as such, nor after that time, nor did the appellant endeavor to show by any evidence the incompetency of the witness, except as above stated, nor was any objection to her competency made after that time. The failure of appellant to object to the witness testifying, because incompetent for want of mental capacity, was a waiver of objection upon that ground, as a party may waive an objection to the competency of a witness, and this would seem to be a bar to any further complaint. A person, who is offered as a witness, is presumed to be competent to testify until the contrary is shown and the burden of showing incompetency is upon the party objecting upon that ground. Covington v. O'Meara, 133 Ky. 762; Cole v. Barbour, 33 R. I. 414; People v. Harrison, 123 Pac. 200. If an objection is made to a witness, because not mentally competent to testify, the court must determine the question, before the witness is allowed to testify, and this, the court may do from the appearance, conduct and speech of the witness and from any relevant testimony that may be offered, and the witness is admissible to testify, if it appears, that he has capacity sufficient to comprehend the obligations of an oath, and to give a fairly correct account of the things he has seen and heard in reference to the questions at issue. When the court admits the witness to testify, his credibility is a question for the jury. Covington v. O'Meara, *supra;* Barker v. Washington, 140 Amer. St. Rep. 640; People v. Enright,

256 Ill. 221. What is said above has no reference to the impeachment of a witness for want of mental capacity after he has testified, as it then becomes a question as to the credibility of the witness and is a question for the jury, as to whether it will or will not give, the testimony any credence. The objection to the witness, in the instant case, testifying, having been waived, her credibility was the only question which arose, and that was a question for the jury, upon whatever evidence in the case had bearing upon it. It may, however, be said, that the record does not indicate, that the witness, although not strong minded, did not understand the obligations of her oath, or that there was any want of capacity to give a correct account of the happenings relating to the issue.

(b) The appellant contends, that the court erred in not instructing the jury, as to the entire law, relating to the issues of the action. This contention is based upon the insistence, that the evidence for the Commonwealth did not prove a penetration of the person of the female by the appellant, or at least that the evidence was such and of such character, that the jury might have found as a fact, there was no penetration and only an attempt to commit a crime was made, and hence, the court erred in failing to give the jury an instruction defining the offense of attempting to have carnal knowledge of a female, under the age of sixteen years, and prescribing the punishment therefor, so that, if the jury, if convinced, that the crime had not been accomplished, but, only attempted, could have found appellant guilty of such lower offense, and fixed a much less severe punishment. There could be no doubt of the soundness of this contention, if the state of the evidence had been such as is insisted for appellant. The offense of unlawfully carnally knowing a female under the age of sixteen years, cannot be committed, unless there is some degree of penetration, by the male organ, into that of the female, though it may be slight. In a state of case, where the reason for the failure to accomplish the first named crime is because no penetration is made, but an attempt to do so, the court should instruct, as here contended. White v. Commonwealth, 96 Ky. 180; Nider v. Commonwealth, 140 Ky. 686. The crime denounced by section 1155, *supra*, is but a degree of the crime of rape and the rule is as old as the crime itself, that to constitute the crime of rape, some degree of penetration must be proven. Frierson v. Commonwealth, 175 Ky. 684. The fact of penetration may be proven by

circumstances, and without direct and positive testimony of the fact. The positive statements of the female, and the facts and circumstances, in the instant case, do not in our opinion leave any room to doubt, that every requisite to constitute the crime of having unlawful carnal knowledge of a female, under the age of sixteen years, occurred, or else nothing occurred in the way of attempt to commit the crime or otherwise. The nature of the testimony is not such as can be recited in this opinion. Suffice it to say, that all the testimony for the prosecution touching the commission of the crime conduced to prove the penetration necessary to constitute the offense, and there is no evidence of an attempt to penetrate, which is not accompanied by evidence of its complete accomplishment. There was no evidence of an attempt to commit the crime, which failed of accomplishment because of a failure of penetration, and the crime was either committed or not committed or attempted. The appellant deposed that it was not done nor attempted, and hence there was no evidence upon which to predicate an instruction, relating to an attempt to commit the crime. The issue was submitted to the jury by proper instructions.

The judgment is therefore affirmed.