## Moseley v. Commonwealth.

(Decided December 12, 1924.)

### Appeal from Carter Circuit Court.

1. Criminal Law—Court should Instruct on Whole Law Applicable to Facts.—It is duty of court to instruct on whole law applicable to facts.

2. Rape—Penetration Essential to Crime—May be Proved or Disproved by Circumstances.—Penetration is essential to crime of rape, and may be proved or disproved by circumstances.

3. Abduction—Rape—Failure to Instruct as to Degrees of Offense Held Error.—Where penetration was doubtful, and evidence indicated at least guilt of attempt to rape or offense of detaining a woman against her will, defined by Ky. Stats., 1922, sections 1154, 1155, Criminal Code of Practice, sections 262, 263, court should have instructed as to such offenses; they being degrees of offense of rape.

WAUGH & HOWERTON for appellant.

FRANK E. DAUGHERTY Attorney General, and MOORMAN DITTO, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellant Moseley, a resident of Texas, was indicted and convicted in the Carter circuit court of the crime of rape and his punishment fixed at a term of seventeen (17) years in the penitentiary. He is a man past middle age, and had been in Carter county only about twenty-four (24) hours at the time of the occurrence of the things which brought about his conviction. He was working with a carnival or show, and his wife accompanied him.

The prosecuting witness is a little girl about thirteen (13) years of age. She and other witnesses testified that appellant took the child up on a hill not far from the town early one morning, put himself in the attitude to and attempted intercourse with her. A physician who made a physical examination of the girl shortly after the occurrence testified that her private parts were bruised and discolored but that he could not tell whether there had been penetration or not, although he was sure she had not had intercourse. It was his belief that there had been slight penetration.

The girl testified she was frightened and did not know whether there had been penetration or not. This was the substance of all the evidence upon the subject of penetration.

The employer of appellant testified that he had sent a ticket to appellant to bring him from his home in Texas to Olive Hill to work for him in a show and that he had just arrived a short time before the time stated by the prosecutrix; that appellant was loading the equipment and paraphernalia of the show on the train preparatory to shipment to another town and that he had been working at it several hours during Saturday night; that he appeared to be under the influence of intoxicating liquors, or at least there was something strange about him. This was the night before. After the arrest of appellant, and he had been struck on the head with rocks and other hard substances, he appeared to be in a semi-conscious condition; and after he was placed in jail muttered and talked in a strange way, lying on his back looking at the ceiling, and had no conversation with any-one and paid no attention to questions asked him.

The rape is charged to have happened on the 6th of the month and he was indicted on the 8th while he was in jail at Catlettsburg, but this indictment was quashed and a new indictment returned on the 14th. On July 15th he was placed on trial.

Appellant complains of several alleged errors but we think it will be sufficient for the purpose of this opinion to consider only the instruction given by the court to the jury. In criminal cases it is the duty of the court to give the whole law applicable to the facts. Tucker v. Commonwealth, 145 Ky. 84; Gordon v. Commonwealth, 136 Ky. 508.

Only two instructions were given—one upon rape and the other upon reasonable doubt. The evidence for the Commonwealth does not satisfactorily prove a case of rape because it is very doubtful whether there was penetration. Penetration is essential to the crime but may be proved or disproved by circumstances. It is a question of fact for the jury. Hale v. Commonwealth, 196 Ky. 44. There is no doubt, however, from the evidence offered by the Commonwealth that appellant was guilty of an attempt to commit the crime of rape. The crime of carnally knowing a female under the age of eighteen years is a degree of the crime denounced by section 1154, Kentucky Statutes, denominated "carnally knowing a female against her consent." Dunn v. Commonwealth, 193 Ky. 842. The court, therefore, should have instructed the jury upon the law governing the crime of attempt to rape, for it is a degree of the crime of rape. Criminal Code, section 263; Bethel v. Commonwealth, 80 Ky. 526.

In cases where the evidence does not prove beyond doubt that the crime of rape was completed but does prove an attempt to commit that crime, it is the duty of the trial court to instruct the jury upon the whole law applicable to the crime of rape and all of its degrees as defined in sections 262 and 263 of the Criminal Code. Detaining a woman against her will is a degree of the crime of rape. Stewart v. Commonwealth, 141 Ky. 522.

The indictment follows the old statute and alleges that the girl was over the age of twelve (12) and under the age of sixteen (16) years. Sections 1154 and 1155, Baldwin's Kentucky Statutes, 1924, cover the subject.

The trial court erred in failing to give the whole law of the case. Instructions upon the crime of rape, attempt at rape and unlawfully detaining a woman against her will should have been given. In addition to this, the court should instruct the jury upon any theory of defense which appellant may present that would, under the law, excuse or mitigate his crime.

Judgment reversed for proceedings consistent with this opinion.

Judgment reversed.