## Dalrymple v. Commonwealth.

(Decided June 4, 1926.)

### Appeal from Perry Circuit Court.

1. Criminal Law.—No instruction need be given, unless there is evidence to support it and it is necessary to present defendant's theory or that of Commonwealth.

2. Rape.—In prosecution for rape, under Ky. Stats., section 1154, of girl nearly 16 years of age, where force was used, failure to instruct under sections 1153 and 1155 held not error.

JESSE MORGAN, F. J. EVERSOLE and J. T. BOWLING for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Asssitant Attorney General, for appellee.

Opinion of the Court by Commissioner Drury—Affirming.

Appellant, whom we will call the defendant, was indicted and convicted under section 1154 of the Kentucky Statutes, and his punishment fixed at confinement in the penitentiary for ten years. It is not necessary for us to give the name of his victim, but some one had sexual intercourse with this young woman by force, about eight o'clock in the evening of October 30, 1924. She testified that the man who seized her had a handkerchief over his face, which came off in the struggle, and that she recognized the defendant. He admitted meeting her about the time and place in question, and says he talked with her for about a half hour, but denies having done her any wrong. After this meeting, he says he walked the railroad to Jeff, where he caught a freight train and beat his way to Hazard, where he caught another freight train, and had beat his way as far as Chavies, where he was arrested. There were other witnesses who testified in the case, but practically the only evidence bearing upon the crime is that of the defendant and the victim, and unfortunately for him, the jury believed her.

The court gave to the jury an instruction under section 1154, Kentucky Statutes, and 238 of the Criminal Code, and on this appeal, defendant is insisting that he was entitled to an instruction under 1153 and section 1155.

In the case of Gibson v. Com., 204 Ky. 748, 265 S. W. 339, we said that in recent years courts have followed the rule of giving no instruction unless there is evidence to support it, and it is necessary, in order to present to the jury the defendant's theory of the case, or that of the Commonwealth. The defendant's theory of the case here was that he did not do the deed, whereas the Commonwealth insisted that he did, and the two instructions given fully presented that issue.

This young woman was nearly sixteen years of age, therefore there was no room for an instruction under section 1153, and as she was forcibly deflowered, there was no occasion for giving an instruction under section 1155. We have found no errors in the record, nor has the defendant called our attention to any, hence the judgment must be and it is affirmed.