## Stewart v. Commonwealth.

(Decided October 12, 1928.)

## Appeal from Allen Circuit Court.

1. Criminal Law.—Case will not be reversed because jury believed testimony of one set of witnesses rather than that of another, where testimony is in irreconcilable conflict.

2. Criminal Law.—In criminal prosecution, it is province of jury to pass on facts.

3. Criminal Law.—In criminal prosecution, jury may believe testimony of certain witnesses and reject that of others, or may believe testimony of none of witnesses is entirely true, and yet it may from testimony of all witnesses discover the truth.

4. Rape.—In prosecution for rape of prosecutrix 14 years old, evidence held to authorize jury in finding that defendant had sexual intercourse with prosecutrix with her consent, and sustained conviction, under Ky. Stats., Supp. 1926, sec. 1155, subd. 2, for carnally knowing female under 16.

5. Rape.—Under Ky. Stats., Supp. 1926, sec. 1155, subd. 2, sexual intercourse between defendant 28 years old and prosecutrix 14 years old, though consented to by both parties, was illicit and felonious act on part of defendant.

6. Criminal Law.—Grounds of motion for new trial, not discussed in appellant's brief will be treated as waived.

A. J. OLIVER and W. D. GILLIAM for appellant.

J. W. CAMMACK, Attorney General, and J. M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Walter Stewart, a man 28 years old, was charged with rape in an indictment drawn under section 1154 of our Statutes. His victim was a girl about 14 years of age, and he was convicted under subsection 2 of section 1155; his punishment being fixed at confinement in the penitentiary for five years. His motion for a new trial was overruled, he excepted to that ruling and has appealed.

No useful purpose would be served by giving the disgusting details of this affair, so they will be omitted. He bases his hope for reversal upon the following alleged errors: First, that the court erred in instructing the jury. This error, as he calls it, consists in this that the court gave to the jury instruction No. 2, drawn under subsection 2 of section 1155, Kentucky Statutes, which is not complained of as to form; but which Stewart insists

should not have been given at all, as there was not, so he says, any evidence to support it. He contends that, if the testimony of this girl is to be believed, this was a case of rape accomplished by force, and, if her testimony is not to be believed, and his account of the affair is correct, then he was not in the house at all on the day of the alleged occurrence, and he had no communication with the prosecuting witness other than to speak to her from the road. This court has held that a violation of subsection 2 of section 1155 is a degree of the crime denounced by section 1154. See Morgan v. Com., 222 Ky. 742, 2 S. W. (2d) 370; Moseley v. Com., 206 Ky. 173, 266 S. W. 1048; Dunn v. Com., 193 Ky. 842, 237 S. W. 1072.

The testimony of the witnesses for the defense is in irreconcilable conflict with that of the witnesses for the commonwealth. Necessarily the testimony of one set or the other is false. A case will not be reversed because the jury believes the testimony of one set of witnesses rather than that of another. See Blanks v. Com., 223 Ky. 484, 3 S. W. (2d) 1105. It is the province of the jury to pass upon the facts. The jury may believe the testimony of certain witnesses and reject that of others, or the jury may believe the testimony of none of the witnesses is entirely true, and yet it may, from the testimony of all the witnesses, discover the truth. There was sufficient evidence of the defendant's guilt to have sustained a conviction, even though the extreme penalty had been imposed under section 1154. There was also evidence from which the jury might have concluded, as it did conclude, that Stewart had sexual intercourse with the prosecuting witness on the occasion mentioned, but that such intercourse was had with her consent.

The evidence that it was so had is this: (a) Stewart was in the house but a few minutes, as best we can gather from the evidence of the prosecuting witness. (b) That the prosecuting witness made no outcry. (c) That she offered no resistance. (d) She testified that "after he got through, I said I was." (e) That after the occurrence she straightened up and rearranged the bed whereon it occurred. (f) That within a short space of time, perhaps about 10 minutes after it occurred, her brother returned to the house, and she made no complaint to him. (g) That she said nothing of it to her father, who returned within 30 minutes. (h) That she remained at the house that afternoon, made no complaint to either her father or mother, and, though this happened on June 22, 1926, she

never told it until her mother got after her about it, and threatened to take her to a doctor. On the following Monday, the 28th, she was taken to a doctor. The doctor was introduced as a witness, and he says her private parts gave evidence of having been penetrated, that her hymen was gone, but he was unable to discover any bruise or lacerations of any kind, all of which would indicate that, if this intercourse was had, it was had with her consent, and was not to her either an undesired or a novel experience; but, no matter how fully her consent may have been given, or how mutual may have been the anxiety of both Stewart and the prosecuting witness for this intercourse, it was illicit, and, in view of his age and her age, it was felonious on the part of Stewart.

The second alleged error discussed by the defendant in his brief is that this verdict is flagrantly against the evidence, but, from what we have said above, it is apparent that there is no merit in that contention.

Stewart had alleged other grounds in his motion for a new trial, but they were trivial, apparently were perfunctorily made, and he has not discussed them in his brief, so they will be treated as waived.

The judgment is affirmed.