## Roseberry v. Commonwealth.

(Decided January 15, 1929.)

A. N. CISCO for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Willis—Reversing.

George Roseberry was convicted of the crime denounced by section 1158, Kentucky Statutes, and sentenced to serve two years in the penitentiary. He was denied a new trial, and has appealed to this court assigning several reasons for a reversal of the judgment. The case is an unsavory one, and we shall state the facts only so far as is necessary to determine the legal questions presented.

The indictment charged that the appellant did unlawfully and feloniously detain Ellen Boone, a female over the age of 12 years, against her will and consent, with intent to have carnal knowledge with her himself. The testimony showed that Ellen Boone was about 12 years of age, and resided with her mother, brother, and sister in a three-room cottage. Roseberry, an uninvited visitor, insisted upon remaining overnight, and was directed to sleep with Roy Boone, a young man about 22 years of age. Ellen Boone was sleeping in the same room in another bed. The mother and older daughter were occupying a bed in the adjoining room. Ellen Boone testified that during the night Roseberry got in bed with her, remained until morning, had some bad talk with her, and communicated to her a loathsome disease. She made no objection or outcry, and, when asked why she did not do so, stated that she did not want to, indicating consent to the occurrence. The court submitted the case to the jury under an instruction which required them to find that Ellen Boone was detained against her will and consent, proceeding, no doubt, upon the theory that Ellen Boone was too young to consent, which required the transaction to be treated as though it was against her will, notwithstanding her actual consent. Cf. Beaven v. Commonwealth, 30 S. W. 968, 17 Ky. Law Rep. 246.

But the statute under which appellant was prosecuted expressly provides that the detention must be against the will of the woman detained, and unless the detention is of such nature that particular offense is not committed. It is true the evidence indicates the defendant may have committed the crime denounced by section 1155, Kentucky Statutes, which prohibits carnal knowledge of a female under 18 years of age; but, in order to include the crime of unlawful detention, as defined by section 1158, Kentucky Statutes, lack of consent on the part

of the woman is essential. A woman under the age of 18 may not legally consent to an act of intercourse, but, if actual consent to a detention is given, there is no violation of section 1158, Ky. Statutes, where the woman has sufficient mind, irrespective of her age, to enable her to consent, about which no question exists in this instance. Commonwealth v. Pennington, 189 Ky. 182, 224 S. W. 644; Beaven v. Commonwealth, 30 S. W. 968, 17 Ky. Law Rep. 246.

The testimony of Ellen Boone did not warrant the conviction of appellant of the crime denounced by section 1158, Ky. Stats., and the jury should have been instructed accordingly.

Judgment reversed, for a new trial in accordance with this opinion.