# Blankenship v. Commonwealth.

(Decided May 27, 1930.)

A. O. CARTER and W. D. O'NEAL for appellant.

J. W. CAMMACK, Attorney General, and HOWARD BLACK for appellee.

Opinion of the Court by Judge Willis—Affirming.

Mose Blankenship was convicted of the crime of carnally knowing a female child not his wife, and condemned to serve twenty years in the penitentiary. The indictment charged that defendant was a male over 21 years of age, and that the child was under 12 and over 10 years of age. Upon this appeal it is insisted that error intervened at the trial in the admission of evidence, in failing to instruct the jury upon the whole law of the case, that the evidence does not support the verdict, and in certain other respects which will be noticed as the opinion proceeds.

The only evidence admitted over the objection of appellant was some of the testimony of the little girl. During her examination, the commonwealth's attorney directed her attention to certain matters, and asked her what, if anything, defendant would do to his pants. The

witness answered that he would unbutton them. She was then asked, "What would he do with your clothing, if anything," to which the witness answered that he would "pull her panties down." The defendant objected to the line of examination. It is not questioned that the substance of the testimony was competent, but the argument is made that the questions were leading and unduly specific in directing attention of the witness to particular subjects. It is not necessary to determine whether the particular line of examination constituted a leading of the witness, since it is well settled that the trial court in its discretion may permit leading questions when the witness is a child of tender years and such method of examination is necessary in order to elicit the facts. 40 Cyc. secs. 2427-2431. The Civil Code defines a leading question as one that suggests to the witness the answer which the examining party desires. Section 595. They are forbidden on direct examination except under special circumstances making it appear that the interests of justice require it. The practice is not regarded as reversible error in any case if the answer of the witness bears the impress of truth and demonstrates that the examiner's words were not put in the mouth of the witness. Wise v. Foote, 81 Ky. 10. Cf. Western Union Telegraph Co. v. Teague, 134 Ky. 601, 121 S. W. 484. When testimony is competent, although elicited by leading questions, its admission will not be deemed an error, unless the forbidden practice was so persistently indulged as to manifest a disregard of the law on the part of counsel and an abuse of discretion on the part of the trial court. Hall & Little v. Commonwealth, 196 Ky. 167, 244 S. W. 425. It is well known that a leading question propounded to a witness may, by creating an inference in his mind, cause him to testify in accordance with the suggestion conveyed by the question, making his answer rather an echo to the question than a general recollection of events. Moore on Facts, sec. 1268; U. S. v. Lee Huen (D. C.) 118 F. 442; The Lansdowne (D. C.) 105 F. 436. But leading questions nevertheless may stimulate genuine recollection. The right to refresh the memory of a witness is widely recognized and generally conceded, and it is no valid objection to a question that it directs attention to a particular matter. Indeed, it is necessary in the orderly conduct of a trial that the attention of the witness be directed to a particular point. The jury observed the conduct of the witness on direct and cross

examination, and there is nothing in the record to suggest that the limits of the law were transcended. 40 Cyc. secs. 2422, 2433; People v. Hinrich, 53 Cal. App. 186, 199 P. 1058; State v. Chase, 106 Or. 263, 211 P. 920; Crank v. State, 165 Ark. 417, 264 S. W. 936. The facts which the child's testimony tended to establish had support in the attending circumstances (Moore on Facts, sec. 1276), and we find no merit in the criticism of the court's ruling on the admission of evidence.

It is further insisted that the court did not properly instruct the jury. The indictment charged a violation of section 1155, Kentucky Statutes, which provides a punishment for every male person who shall carnally know, *with her consent,* any female child not his wife, under the age of 18 years. The appellant insists that he was entitled to an instruction under section 1158, Kentucky Statutes, which provides a punishment for detaining a woman *against her will* with intent to have carnal knowledge of her. The argument is advanced that a female under 18 years of age may not legally consent to unlawful intercourse with a man, and that such intercourse involves a detention against her will, regardless of her actual consent. The argument is predicated upon an assumption that, because the infant may not legally consent, the commonwealth is forbidden to introduce the subject of her actual consent. But the argument is unsound. The statute makes it a condition of the crime that the carnal knowledge of the infant be "with her consent." It treats the matter of consent as a fact, but, if the female is under the age of 18, the fact of consent is no protection. Section 1155, Ky. Stats. If the consent of the infant female be not given, the offense committed comes under section 1152 or section 1154, depending upon the age of the victim. This court has held consistently that a female under the age of 18 may not lawfully consent to an act of intercourse (Payne v. Com., 110 S. W. 314, 33 Ky. Law Rep. 229; Fenston v. Com., 82 Ky. 549), but, if actual consent is given by a female who has, irrespective of her age, sufficient mind to enable her to consent, the act does not violate section 1158, Kentucky Statutes. The crime thus described is denounced by section 1155, Kentucky Stats., and the prosecution must be predicated upon that statute. Com. v. Pennington, 189 Ky. 182, 224 S. W. 644; Roseberry v. Com., 227 Ky. 387, 13 S. W. (2d) 263; Sebree v. Com., 200 Ky. 534, 255 S. W. 142.

The decisions upon the subject of rape and the lesser offenses embraced within it are sufficiently explicit, but expressions found in some of the opinions are confusing. If the charge made in an indictment includes lesser degrees of the crime, a conviction may be had of any offense embraced within the indictment. Criminal Code, secs. 262, 263; Bethel v. Com., 80 Ky. 526; Moseley v. Com., 206 Ky. 173, 266 S. W. 1048. So, under an indictment for the crime of rape upon the body of an infant female under 12 years of age (Ky. Stats., sec. 1152), it is necessary, if the evidence warrants it, to instruct upon (1) the common law crime of rape, (2) an attempt (Ky. Stats., sec. 1153) to rape, (3) unlawful carnal knowledge of a female under the age of consent (Ky. Stats., sec. 1155), and (4) a detention of a female with intent to have carnal knowledge of her (section 1158). Fagan v. Com., 38 S. W. 431, 18 Ky. Law Rep. 714; Eads v. Com., 162 Ky. 89, 172 S. W. 104; Moseley v. Com., 206 Ky. 173, 266 S. W. 1048; Fenston v. Com., 82 Ky. 549; White v. Com., 96 Ky. 180, 28 S. W. 340, 16 Ky. Law Rep. 421; Young v. Com., 96 Ky. 573, 29 S. W. 439, 16 Ky. Law Rep. 496. Likewise an indictment under section 1153, Ky. Stats., for an attempt to commit rape upon the body of an infant female under the age of 12 years, includes necessarily a detention of the child for the unlawful purpose, as denounced by section 1158, Ky. Stats. If the evidence on the trial of an indictment under section 1153 tends to show the detention denounced by section 1158, it is appropriate to instruct the jury under the latter section. Meade v. Com., 214 Ky. 88, 282 S. W. 871. If the indictment be based upon section 1154, Ky. Stats., which provides the punishment for unlawful carnal knowledge of a female above the age of 12 years against her will and consent, or while she is insensible, it is proper, if the evidence justifies it, to give an instruction submitting the question of unlawful detention under section 1158, Ky. Stats., or of unlawful carnal knowledge of an infant under section 1155, Ky. Stats. Dunn v. Com., 193 Ky. 842, 237 S. W. 1072; Adams v. Com., 219 Ky. 711, 294 S. W. 151; Page v. Com., 219 Ky. 151, 292 S. W. 741; Stewart v. Com., 225 Ky. 731, 9 S. W. (2d) 1087.

The appellant was indicted and convicted for a violation of section 1155, Ky. Stats., which provides the punishment for a man who has carnal knowledge of a female under the age of 18 years, *with her consent*. There is no

case holding that an instruction under section 1158 is ever necessary in the trial of an indictment under section 1155. One is designed to punish a detention, for the forbidden purpose, of any female without her consent, whilst the other prescribes a penalty for unlawful carnal knowledge of an infant with her consent. The crimes are distinct and are based upon circumstances essentially different and of opposing ingredients. Roseberry v. Com., 227 Ky. 387, 13 S. W. (2d) 263; Com. v. Pennington, 189 Ky. 182, 224 S. W. 644. So far as disclosed by the decisions, experience has so far developed no other offenses that are included in an indictment under section 1155, Ky. Stats., except the common-law crime of an attempt to commit the offense denounced by that section (Smith v. Com., 180 Ky. 177, 202 S. W. 309; Nider v. Com., 140 Ky. 684, 131 S. W. 1024, Ann. Cas. 1913E, 1246; White v. Com., 96 Ky. 180, 28 S. W. 340, 16 Ky. Law Rep. 421; Hale v. Com., 196 Ky. 44, 244 S. W. 78) and the statutory crime of attempted rape defined by section 1153, Ky. Stats. (Smith v. Com., 180 Ky. 177, 202 S. W. 310; Perkins v. Com. (Ky.) 124 S. W. 794). But it is neither necessary nor proper to give an instruction on any feature of a case not supported by evidence adduced. Hale v. Com., 196 Ky. 44, 244 S. W. 78; Dalrymple v. Com., 215 Ky. 25, 284 S. W. 104. In this case the defense was a denial of the acts of which appellant was accused, and there was no occasion for an instruction on any theory not presented by the defense or derived from the evidence for the prosecution. There was positive testimony, as well as circumstances which tended to prove the charge, and the jury has found beyond a reasonable doubt that it was proven. The proof of penetration was sufficient, since the child testified to the fact, and the physician's testimony tended to corroborate her. Hunley v. Com., 217 Ky. 675, 290 S. W. 511; Hale v. Com., 196 Ky. 44, 244 S. W. 788. Cf. Nider v. Com., 140 Ky. 684, 131 S. W. 1024, Ann. Cas. 1913E. 1246.

It is also complained that an instruction to the jury was erroneous in that the child's name was given as Edna Mae Pack, whereas in the indictment she was named as Edna Pack. The instruction further described her "as a female child under twelve years of age," and the slight variance in her name was not material. The evidence left no doubt as to the party involved, and the inadvertence in giving her a middle name did not affect

the merits. The Criminal Code, sec. 128, provides that, if an offense involve a commission of injury to a person who is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured is not material. Undoubtedly the same rule must apply to an instruction. In this instance the person named in the indictment and in the instruction was shown to be the same person, and in such case the variance, if any, is not substantial. Robinson v. Com., 88 Ky. 386, 11 S. W. 210, 10 Ky. Law Rep. 972; Hardin v. Com., 202 Ky. 670, 261 S. W. 21; Rice v. Com., 105 S. W. 123, 31 Ky. Law Rep. 1354.

It is insisted that the record raises serious doubt as to defendant's guilt, and, although there is sufficient testimony to establish all the ingredients of the crime, it is so improbable that a man 72 years of age would mistreat a mere child that the evidence does not support the verdict. Such questions are addressed primarily to the jury, and this court may not overturn the verdict of a jury because of the revolting nature of the charge. Oldham v. Com., 228 Ky. 307, 14 S. W. (2d) 1065; Branham v. Com., 223 Ky. 233, 3 S. W. (2d) 629. The case does not depend entirely upon the testimony of the child, but there are cogent circumstances corroborating her story and conducing to establish the guilt of the appellant. White v. Com., 96 Ky. 180, 28 S. W. 340, 16 Ky. Law Rep. 421.

The point is also made incidentally that one of the jurors was prejudiced against defendant. Two affidavits were filed to the effect that before the trial one of the jurors in discussing the case had stated that defendant ought to be imprisoned, or words to that effect. The juror denied the statement. There is nothing to show when the remark, if it was made, was communicated to appellant or his counsel. Reference to it is incorporated in the motion and grounds for a new trial. Appellant's affidavit does not state when he learned of the statement, or when his counsel was advised. The juror in question on his voir dire stated that he had not formed or expressed any opinion as to the guilt or innocence of the accused and knew of no reason why he could not give him a fair and impartial trial. The trial court was not convinced of the bias of the juror, and it does not appear that a sound discretion was abused in refusing to grant a new trial. Pierce v. Commonwealth, 215 Ky. 162, 284 S. W. 1036.

Another incidental complaint is that Dr. Wellman, a witness for the appellant, was absent at the trial, but his testimony at an examining trial had been preserved and was read by defendant at the trial. The record does not show that appellant objected to proceeding with the trial without the personal presence of the witness. He was content with a reading of the testimony from the transcript, which states substantially the same facts mentioned in the affidavit of the appellant made after the trial. The testimony related to an alleged physical fact in possession of the appellant, and, if it was true, he was not prevented from proving it by other witnesses.

We find no error in the record prejudicial to the substantial rights of the appellant. Criminal Code, sec. 340; Basham v. Com., 225 Ky. 781, 10 S. W. (2d) 285.

The judgment is affirmed.

Whole court sitting.