**Jerry Clifford GREGORY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Nov. 25, 1980.

Ralph T. McDermott, H. Gene Baldridge, Ashland, for appellant.

Steven L. Beshear, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Jerry Clifford Gregory was convicted of first degree sodomy by the Greenup Circuit Court. He was sentenced to twenty years in prison and released on bond. He appeals from that judgment as a matter of right. We affirm.

Gregory makes two arguments on appeal: (1) the evidence was insufficient to support his sodomy conviction, and (2) the doctrine of collateral estoppel should have precluded his being tried by the Greenup Circuit Court on the charge of first degree sodomy because the Greenup District Court in a prior dependency proceeding had found that he did not subject his children to deviate sexual intercourse. Gregory's first argument also raises the issue whether the element of penetration for the crime of sodomy may be proved by circumstantial evidence. We find that penetration may be proved by circumstantial evidence, that the evidence is sufficient to uphold Gregory's conviction, and that the doctrine of collateral estoppel is not applicable to his situation.

The victims of the crime for which Gregory was convicted were his sons, both of whom where under three years of age at the time of the alleged incidents. The evidence against Gregory was entirely circumstantial, consisting primarily of the testimony of the victims' mother, grandmother and aunt, and the expert testimony of two physicians. Unlike most rape and sodomy cases, the victims did not testify. Likewise, there is nothing in the record to indicate that they told or communicated in an infant's language that they had been sodomized to any of the witnesses who did testify.

The lay witnesses' account was that on several occasions Gregory closed himself off in a bedroom with the boys and took them for rides to the exclusion of others. After these occasions the rectal areas of the boys appeared different—red and purple—compared to the time before they were with their father. The mother also heard the boys cry when they were with Gregory in the bedroom. The medical testimony was that upon being examined rectally both children exhibited passivity which indicated that anal penetration was not a new experience for them. One of the boys also had a very large relaxed sphincter, a common condition in male homosexuals.

Gregory's first contention is that the evidence was insufficient to establish that he engaged in deviate sexual intercourse with his children. KRS 510.070 (first degree sodomy) requires deviate sexual intercourse which is defined in KRS 510.010(1) as "any act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another...." KRS 510.010(8) states "[s]exual intercourse occurs upon any penetration, however slight." In brief, Gregory contends that the circumstantial evidence used to convict him was insufficient to prove penetration by his sex organ.

In general, facts may be established by circumstantial evidence. *Goss v. Personnel Board*, Ky., 456 S.W.2d 824 (1970). Although this Court has not addressed the issue whether penetration for a sodomy conviction may be proved by circumstances, it has held that circumstantial evidence may support a finding of penetration in a rape conviction. *Cooper v. Commonwealth*, Ky., 569 S.W.2d 668 (1978); *Causey v. Commonwealth*, Ky., 550 S.W.2d 494 (1977); *Trimble v. Commonwealth*, Ky., 447 S.W.2d 348 (1969); *Bailey v. Commonwealth*, 312 Ky. 764, 229 S.W.2d 767 (1950); *Gilley v. Commonwealth*, 280 Ky. 306, 133 S.W.2d 67, 72 (1939); *Blankenship v. Commonwealth*, 234 Ky. 531, 28 S.W.2d 774 (1930); *Hunley v. Commonwealth*, 217 Ky. 675, 290 S.W. 511 (1927); *Hale v. Commonwealth*, 196 Ky. 44, 244 S.W. 78 (1922); *White v. Commonwealth*, 96 Ky. 180, 28 S.W. 340 (1894). We find that circumstantial evidence may also be used to establish the element of penetration for a sodomy conviction. Furthermore, we conclude that

under the evidence adduced against Gregory, it was not clearly unreasonable for the jury to find him guilty, and consequently we reject his first argument of insufficiency of evidence. *Timmons v. Commonwealth*, Ky., 555 S.W.2d 234 (1977); *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977).

Gregory's second contention is that the doctrine of collateral estoppel should have precluded his being tried by the Greenup Circuit Court on the charge of first degree sodomy because the Greenup District Court in a dependency hearing regarding his children included in its findings of fact that Gregory had not subjected the boys to deviate sexual intercourse. We also reject this argument because we find that the doctrine is not applicable to Gregory's situation.

Collateral estoppel, or issue preclusion, is part of the concept of res judicata and serves to prevent parties from relitigating issues necessarily determined in a prior proceeding. *Sedley v. City of West Buechel*, Ky., 461 S.W.2d 556 (1970); *Barnett v. Commonwealth*, Ky., 348 S.W.2d 834 (1961). The doctrine is applied between judicial proceedings in four combinations—civil to civil, criminal to criminal, criminal to civil and civil to criminal. The last arrangement, which is involved here, is the least common.

■ Generally, a judgment of a civil court is not binding on a court trying a criminal case, and a civil judgment is not admissable in a subsequent criminal prosecution where the judgment is offered to prove facts adjudicated in the civil proceedings, although exactly the same questions are in dispute in both cases. 46 Am.Jur.2d, Judgments sec. 620. However, the doctrine of issue preclusion has been found not to be inapplicable when invoked in a criminal case where the prior proceeding was civil in character. *Yates v. U. S.*, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957). Nevertheless, "the doctrine makes conclusive in subsequent proceedings only determinations of fact . . . that were essential to the decision." Id. at 336. Likewise, this Court has held that

"a judgment in a former action operates as an estoppel only as to matters which were necessarily involved and determined in the former action, and is not conclusive as to matters which were immaterial or unessential to the determination of the prior action or which were not necessary to uphold the judgment."

*Sedley v. City of West Buechel*, supra at 558; see 46 Am.Jur.2d, Judgments Sec. 606; Restatement of Judgments Second Secs. 68, 68.1 (Tent.Draft No. 4, 1977); 50 C.J.S. Judgments §§ 724, 725; James & Hazard, Civil Procedure Sec. 11.16 (2d ed. 1977).

■ On October 2, 1979, the Greenup District Court issued its order in the matter of Christopher and John Gregory. The court decided that the best interests of these children would be served by committing them to the Department for Human Resources. The court noted the absence of medical evidence indicating John and Christopher were subjected to sexual abuse, and found, from the evidence presented, that the father did not subject them to deviate sexual intercourse. The real effect of these findings is not that Gregory did not sodomize his children but that the judge was not persuaded by the evidence that he had sodomized them. The criminality of Gregory's actions was not before the court which was charged generally with the well–being of the children. The court's findings vis a vis Gregory were not essential to its decision which, based on other considerations, resulted in the children's commitment to the Department for Human Resources.

The judgment of the Greenup Circuit Court is affirmed.

All concur.