## Basham v. Commonwealth.

(Decided October 16, 1928.)

### Appeal from Butler Circuit Court.

1. **Rape.**—Instruction in prosecution for having carnal knowledge of female over 16 years of age and under the age of 18, authorizing conviction in case defendant had unlawful carnal knowledge of female under the age of 18 years, held not erroneous for failure to specify whether female was between 16 and 18 years old, pursuant to distinctions in Ky. Stats., sec. 1155, as amended by Laws 1922, c. 17, where all the evidence was to the effect that female was between 16 and 18 years of age.

2. **Criminal Law.**—Where defendant in prosecution for having carnal knowledge of female over 16 years of age and under the age of 18 testified himself that he was 27 years of age, and there was no evidence that he was under 21, instruction authorizing conviction, on finding defendant was over 18 years of age, held not so prejudicial as to require reversal, under Criminal Code of Practice, sec. 340, notwithstanding that, under Ky. Stats., section 1155 as amended by Laws 1922, c. 17, punishment is less in case act is committed by a male of the age of 17 years and under 21.

A. J. BRATCHER for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Joe Basham was indicted for feloniously having carnal knowledge of Beulah Smith Hatcher, an infant over 16 years of age and under the age of 18, not his wife. It was charged in the indictment that she was over the age of 16 years, but under 18, and that he was over 21 years of age. He was found guilty and appeals.

It is insisted on the appeal that the court erred, to the defendant's prejudice, in instructing the jury as follows:

"If the jury believes from the evidence, to the exclusion of a reasonable doubt, that in Butler county, Kentucky, and before the finding of the indictment herein, the defendant Joe Basham, who was then and there over the age of 18 years, did unlawfully, wilfully, and feloniously have carnal knowledge of and sexual intercourse with Beulah Smith Hatcher, a female, who was then and there under the

age of 18 years, they will find the defendant guilty as charged in the indictment, and fix his punishment at confinement in the penitentiary not less than 2 nor more than ten years, in their discretion.''

The statute, under which the indictment was found, is section 1155, Kentucky Statutes, as amended in 1922, which, so far as material here, is in these words:

"Every male person who shall carnally know, with her consent, any female child, not his wife, under the age of eighteen years, and every female person who shall carnally know any male child under the age of eighteen years, not her husband, shall be punished as follows:

"(1)   When such child is under the age of twelve years, by imprisonment in the state penitentiary for not less than twenty years nor more than fifty years, or by death, in the discretion of the jury.

"(2)   When such child is of the age of twelve years and under the age of sixteen years, by imprisonment in the state penitentiary for not less than five years nor more than twenty years.

"(3)   When such child is of the age of sixteen years and under the age of eighteen years, by imprisonment in the state penitentiary for not less than two years nor more then ten years.

"(4)   Any female under the age of eighteen years and any male under the age of seventeen years, charged with a violation of any of the provisions of this act, shall be dealt with and proceeded against as are other juvenile delinquents, under the provisions of section 331e, Kentucky Statutes.

"(5)   Any male person of the age of seventeen years and under twenty-one years and any female person of the age of eighteen and under the age of twenty-one convicted of a violation of any of the provisions of this act shall be punished by a fine not exceeding five hundred dollars and not as provided in subsections one, two, three and four of this act.'' Laws 1922, c. 17.

It is insisted that the instruction of the court is erroneous under the indictment and the statute, in that it simply submitted to the jury the question whether the female was under the age of 18 years and whether the man was over the age of 18 years. It will be observed that by the statute where the child is under the age of

12 years, the punishment is not less than 20 years nor more than 50 years, or by death, in the discretion of the jury; where the child is of the age of 12 years and under the age of 16 years, the punishment is not less than 5 years nor more than 20; and where the child is of the age of 16 and under the age of 18 years, the punishment is not less than 2 years nor more than 10 years. Under the statute, if the child was less than 16 years old, the punishment was greater than if the child was over 16 and under 18. The defendant was only punished for the lesser offense. In addition to this, there was no evidence that the child was under 16 years. All the evidence was to the effect that the female was between 16 and 18 years old. Clearly, therefore, so far as the age of the female was concerned, the defendant was not prejudiced by the wording of the instruction.

Section (5) of the act provides that any male person of the age of 17 years and under 21 years shall be punished by a fine not exceeding $500, and not as provided in the other section of the act. If there had been any evidence conducing to show that the defendant was under 21 years of age, he might complain that an instruction under section (5) was not given. But he testified himself that he was 27 years of age, and there was no evidence that he was under 21. He cannot, therefore, complain of the language of the instruction, for plainly he was in no wise prejudiced by what was merely a typographical error in writing 18 in place of 21 in the instruction relating to his age, and the judgment cannot be reversed for this, under Cr. Code, sec. 340. His real defense was that he did not commit the act, but there was ample testimony to sustain the verdict of the jury. His punishment was fixed at 2 years' imprisonment, the minimum under the statute where the female is between 16 and 18 years of age and the male over 21.

He also insists that there was misconduct in the circuit judge in going to the jury room and talking to the jury after the case had been finally submitted to them, not in the presence of the defendant or his counsel. But there is nothing in the record to show that this occurred.

Judgment affirmed.