## Chaney v. Commonwealth.

(Decided Oct. 31, 1933.)

B. CASTLE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON
RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Appellant brings this appeal from a judgment entered on a verdict of the jury finding him guilty of murder and fixing his punishment at death.

On the evening of December 24, 1932, Will Chaney, George Bottoms, and a number of others were engaged in a dice game in a restaurant and soft drink stand operated by George White and located on Pocahontas street in Louisville. A dispute arose, resulting in a scuffle between Chaney and the decedent, George Bottoms. Chaney left the restaurant, and a minute or two later Bottoms left and went to the home of his father about a square and a half away. About five minutes later Chaney appeared in the door of the restaurant, armed with a shotgun, and ordered one of those present, Buster Wilson, to give him 60 cents. Buster was unable to comply with the demand, as he did not have that amount of money, but a collection was taken up, and 60 cents was handed to Chaney. Chaney then asked where George Bottoms lived, and some one told him where Bottoms' home was located. He left, and in two or three minutes two reports from a gun were heard. Several of the men in the restaurant left and started up Pocahontas street. They met Chaney with a shotgun, coming from the direction of the Bottom's home. Clay Bottoms, father of George Bottoms, testified that his son returned from the restaurant and immediately went to a barber shop in the neighborhood. He returned in a few minutes, and reported that the barber shop was closed, and again started out of the house, saying he was going to meet his sisters. As he stepped onto the front porch, Clay Bottoms heard the report of a gun, and his son exclaimed that he had been shot by Will Chaney. Clay Bottoms rushed out of the door and saw Chaney standing behind a post in the yard. He asked him what he was doing there, and Chaney fired a second

time and then walked away. George Bottoms was shot in the neck and chest, and died immediately. Chaney was later apprehended in Bowling Green, Ky. He does not deny killing decedent, but says that he does not remember what happened after he left the restaurant and went to his room.

Appellant relies upon the following grounds for a reversal of the judgment: (1) Error in the instructions; (2) improper argument of the commonwealth's attorney.

In instruction No. 1 the court told the jury that, if they believed from the evidence beyond a reasonable doubt that the defendant, Will Chaney, willfully and feloniously shot George Bottoms with a pistol, they should find the defendant guilty of murder if the shooting was done with malice aforethought. It is insisted that this instruction was erroneous, in that the word "pistol" is used when the word "shotgun" should have been used. The indictment charged that the appellant shot the deceased with a shotgun, and the evidence conclusively shows that a shotgun was the weapon used. The word "pistol" never appears in the record except in the instructions. The use of the word "pistol" in the instructions was a palpable mistake and under the circumstances the jury could not have been misled. It must be assumed that it was composed of men of at least average intelligence, and that the mistake in the designation of the weapon used could have had no influence upon them one way or the other in reaching the verdict. In Basham v. Commonwealth, 225 Ky. 781, 10 S. W. (2d) 285, 286, the accused was indicted for feloniously having carnal knowledge of an infant over sixteen years of age and under the age of eighteen, not his wife. It was charged in the indictment that he was over twenty-one years of age. The instructions authorized the jury to find the defendant guilty if they believed beyond a reasonable doubt, that he, who was then over the age of eighteen years, did unlawfully, willfully, and feloniously have carnal knowledge of the prosecuting witness, who was then and there under the age of eighteen years. The statute under which the defendant was prosecuted graded the punishment according to the ages of the accused and the victim, and it was insisted that the instruction was erroneous, in that it simply submitted to the jury the question whether the female was under the age of eighteen years and whether

the man was over the age of eighteen years. In disposing of this contention it was said:

> "Section (5) of the act provides that any male person of the age of 17 years and under 21 years shall be punished by a fine not exceeding $500, and not as provided in the other section of the act. If there had been any evidence conducing to show that the defendant was under 21 years of age, he might complain that an instruction under section (5) was not given. But he testified himself that he was 27 years of age, and there was no evidence that he was under 21. He cannot, therefore, complain of the language of the instruction, for plainly he was in no wise prejudiced by what was merely a typographical error in writing 18 in place of 21 in the instruction relating to his age, and the judgment cannot be reversed for this, under Cr. Code, sec. 340."

So in the instant case appellant cannot complain because the word "pistol" was used instead of the word "shotgun," for he was in no wise prejudiced by the error.

The language used by the commonwealth's attorney in his argument to the jury, of which complaint is made, is as follows as shown by the motion and grounds for a new trial:

> "Gentlemen if, when you are deliberating in the jury room, one or more of you feel that a life sentence is sufficient punishment, I beg of the other members of the jury to hold out for a death sentence thereby giving me another opportunity at this fellow."

The argument of the commonwealth's attorney was taken down and transcribed by the official reporter, and is incorporated in the bill of evidence. As it there appears, it reads:

> "If there is one man on this jury that gets back in that jury room and hesitates about signing the verdict of death in this case do not let the other eleven men come to vote for life, but give me a chance to work on him and a chance to work on this case again, and when you bring in a verdict in this case you will be sending word out possibly to others that may be under the sound of my voice, you will

be giving them a warning that will keep them from taking this heartless manner of removing a man that they do not like or did not like.''

No objection was made nor exception taken to the argument. An improper argument must be objected to at the time it is made or the objection will be waived. Thomas v. Commonwealth, 196 Ky. 539, 245 S. W. 164; May v. Commonwealth, 153 Ky. 141, 154 S. W. 1074. But, waiving this, the argument complained of was nothing more than an appeal to the jury to fix the punishment at the maximum provided by law, and we find nothing improper in the remarks of the commonwealth's attorney. Wooten v. Commonwealth, 245 Ky. 266, 53 S. W. (2d) 557.

Appellant has received the severest penalty known to the law, but this homicide was a murder without excuse or explanation, and he cannot complain of the verdict of the jury. The trial court committed no error prejudicial to his substantial rights, and the judgment is therefore affirmed.

The whole court sitting.