791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES W. HATTON, Petitioner-Appellant,
v.
GENE SCROGGY, WARDEN, Respondent-Appellee.
 85-5352
 United States Court of Appeals, Sixth Circuit.
 4/28/86
 
 AFFIRMED
 E.D.Ky.
 ORDER
 BEFORE: WELLFORD and NELSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 
 1
 Petitioner is appealing from an order denying his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that in 1981 petitioner was convicted in the Fayette County (Kentucky) Circuit Court of attempted first-degree burglary, K.R.S. 511.020(1), and was sentenced to six years' imprisonment. His sentence was enhanced to 18 years when he was found to be a persistent felony offender in the first degree, K.R.S. 532.080.
 
 
 3
 After exhausting state remedies, petitioner filed an application for writ of habeas corpus in the district court, presenting four grounds for relief. The case was referred to a magistrate who, on March 11, 1985, filed a report recommending denial of the application. Petitioner filed timely objections to the magistrate's report. On April 3, 1985, the district court entered an order adopting the magistrate's decision.
 
 
 4
 On appeal, petitioner has abandoned three of his claims and presents only the issue of whether there was sufficient evidence to support his conviction of attempted first degree burglary.
 
 
 5
 In reviewing the sufficiency of the evidence to support a state conviction, a federal court must determine whether, when viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). In affirming petitioner's conviction, the Kentucky Court of Appeals summarized the evidence against petitioner as follows:
 
 
 6
 The charges stemmed from the entry of the Red Ace Grocery and Filling Station in Lexington on July 27, 1981. The police were contacted by the employee of a security company who heard banging and pounding in the building through a listening system activated by a silent alarm. Officer Push drove to the rear of the building and found the appellant standing next to a small outbuilding immediately to the rear of the station. There was a hold in the back of the building and a sledge hammer was found about ten feet from the appellant. The appellant, who had quickly thrown his hands down to his crotch upon the police officer's approach as if to indicate he was simply behind the building relieving himself, was placed under arrest and read his rights.
 
 
 7
 The appellant granted permission to search his car in response to a request by the police. An empty holster was found in the glove compartment. A .22 caliber revolver with nine shells was found laying on the ground in the rear of the building. It fit the holster in the appellant's glove compartment.
 
 
 8
 One of the elements of first-degree burglary is that the accused be 'armed with explosives or a deadly weapon' while committing the crime. K.R.S. 511.020(1). Petitioner argues he was not 'armed' with a pistol when he was apprehended. However, circumstantial evidence may be sufficient to support a conviction in Kentucky, Gregory v. Commonwealth, 610 S.W. 2d 598 (Ky. 1980), and the same holds true in reviewing a state conviction under federal habeas corpus standards, Jones v. Perini, 599 F.2d 129, 130 (6th Cir. 1979).
 
 
 9
 Here the state adduced a strong, if circumstantial, case that petitioner was 'armed' at the scene of the crime. K.R.S. 511.020(1). Under the first-degree burglary statute, there is virtually no difference between being 'in possession' of a deadly weapon and being 'armed' with a weapon. Meadows v. Commonwealth, 551 S.W. 2d 253 (Ky. App. 1977). A .22 caliber pistol was found lying on the ground, loaded, behind the Red Ace Building, when petitioner was found there. The pistol fit an empty holster found in a search of petitioner's car parked nearby. Under the circumstances, this evidence was sufficient to support petitioner's conviction. Jackson v. Virginia, supra.
 
 
 10
 Petitioner cites the case of United States v. Beverly, 750 F.2d 34 (6th Cir. 1984), to suggest that a defendant must actually be holding a weapon to be in possession of it. In Beverly, this Court held that evidence which established only that defendant was standing close to a wastebasket which contained two guns and that defendant's fingerprint was on one of the guns, did not prove constructive 'receipt' by a convicted felon of a weapon that had been shipped in interstate commerce in violation of 18 U.S.C. Sec. 922. It is noted, however, that unlike the present case, the weapon in Beverly was well within the reach of two defendants, not one. Second, the fingerprint found in Beverly established only that the accused may have 'touched' the gun as opposed to exercising control over it. Finally, and most importantly, the standard employed by a federal court to review a federal conviction is more stringent than that used to review a state conviction. Jackson v. Virginia, supra, at 323-24.
 
 
 11
 It appears that the question on which decision of this cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 12
 Therefore, it is ORDERED that the final order of the district court be and it hereby is affirmed.