**James HULAN, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Supreme Court of Kentucky.

June 15, 1982.

Neil A. Banks, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., Robert Bullock, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

James Hulan was convicted of first-degree sodomy and first-degree sexual abuse. KRS 510.070, 510.110. He was sentenced to 20 years and five years on the respective convictions, to be served concurrently. He appeals, claiming only that the evidence was insufficient to support a conviction of first-degree sodomy. The alleged insufficiency proceeds from appellant's assumption that sodomy requires proof of penetration. Such an assumption is refuted by the explicit terminology of KRS 510.070 and KRS 510.010(1).

KRS 510.070 provides that

(1) A person is guilty of sodomy in the first degree when:

(b) he engages in deviate sexual intercourse with another person . . . .

As the Commentary (1974) to this section states, the essence of sodomy is "deviate sexual intercourse." KRS 510.010(1) defines deviate sexual intercourse as "any act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another."

■ Thus, while penetration may be present in certain cases, and is a necessary element of rape (see KRS 510.040–510.060), it is not necessary to the crime of sodomy as defined in the Kentucky Penal Code. *Gregory v. Commonwealth*, Ky., 610 S.W.2d 598 (1980), does not hold otherwise.

■ The six-year-old victim's testimony, and that of her mother, support the jury's finding that Hulan performed an act of oral sex upon her. This meets the statutory definition of sodomy.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.