865 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cullen RAY, Petitioner-Appellant,
v.
Al C. PARKE, Attorney General of Kentucky, Respondent-Appellee.
 No. 88-5344.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1988.
 
 1
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and RICHARD F. SUHRHEINRICH, District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky prisoner appeals the district court's judgment in part granting and in part denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2544. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Cullen Ray was convicted on one count of first degree sodomy and two counts of first degree sexual abuse; he was sentenced to serve a total of thirty years imprisonment. The convictions were affirmed by the Kentucky Supreme Court in an unpublished opinion. Ray v. Commonwealth, No. 86-SC-38-MR (Ky. June 12, 1986). Thereafter Ray filed his application for a writ of habeas corpus.
 
 
 4
 As grounds for relief, Ray asserted seven errors which he previously presented to the Kentucky courts: (1) the trial court's failure to grant a change of venue, (2) an insufficient bill of particulars, (3) the trial court's failure to grant a directed verdict of acquittal based on insufficient evidence, (4) improper admission of a social worker's testimony, (5) the trial court's failure to enforce a proposed plea bargain, (6) improper joinder of the offenses, and (7) improper admission of evidence that he gave his daughter birth control pills. Additionally, Ray claimed prosecutorial misconduct based on a conflict of interest between the county attorney and the commonwealth attorney. He also asserted that the evidence is insufficient to support the sodomy conviction, and that the Kentucky statute which defines sodomy is unconstitutionally vague.
 
 
 5
 The matter was referred to a magistrate who determined that the petition should be granted in part because the evidence was insufficient to support one of the convictions for sexual abuse. The magistrate recommended that the remaining claims should be denied. Upon review in light of objections filed by Ray and by respondent, the district court adopted with minor modifications the magistrate's recommendation to grant the petition in part. Ray filed a notice of appeal from the judgment denying habeas relief from the sodomy conviction and the remaining sexual abuse conviction.
 
 
 6
 On appeal, Ray reasserts his claim that the trial court erred by failing to grant his motion for a change of venue. He additionally presents a claim of prosecutorial misconduct and argues that the Kentucky sodomy statute is unconstitutionally vague.
 
 
 7
 Upon review, we conclude that the district court properly denied Ray's claims for relief from the remaining convictions. First, Ray failed to demonstrate that the trial court's finding of jury impartiality was "manifest error." See Patton v. Yount, 467 U.S. 1025, 1035 (1984). Second, Ray's claim of prosecutorial misconduct does not demonstrate that his trial was fundamentally unfair. See Donnelly v. DeChristoforo, 416 U.S. 637 (1974). Third, his challenge to Kentucky's sodomy statute, Ky.Rev.Stat. Sec. 510.010, simply lacks merit. Under Kentucky law, penetration is not an element of sodomy. Hulan v. Commonwealth, 634 S.W.2d 410 (Ky.1982). Finally, petitioner's remaining claims are not properly before us. See Wright v. Holbrook, 794 F.2d 1152, 1157 (6th Cir.1986).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation